ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br><br>FREDDYCK O. RIVERA GONZÁLEZ<br><br>Parte Peticionaria | KLCE202400924 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Casos Núm.:<br>E VI2024G0007<br>E LA2024G0042<br>E BD20024G0032<br>E4CR202300052<br><br>Sobre:<br>Tentativa Art. 93 (a) C.P.<br>Art. 6.14 Ley 168<br>Art. 197 C.P.<br>Art. 108 C.P. (menos grave) |
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br><br>ISMAEL MERCADO FIGUEROA<br><br>Parte Peticionaria | | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Casos Núm.:<br>E VI2024G0006<br>E LA2024G0040<br>E4CR202300053<br><br>Sobre:<br>Tentativa Art. 93 (a) C.P.<br>Art. 6.14 Ley 168<br>Art. 108 C.P. (menos grave) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Compareció ante este Tribunal la parte peticionaria, el Sr. Freddyck O. Rivera González (en adelante, el "señor Rivera González") y el Sr. Ismael Mercado Figueroa (en adelante, el "señor Mercado Figueroa") (en adelante y en conjunto, los "Peticionarios"), mediante recurso de *certiorari* presentado el 23 de agosto de 2024. Nos solicitaron la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, el "TPI"), el 24 de julio de 2024, notificada y archivada en autos en

Número Identificador
RES2024_____

la misma fecha. Mediante el referido dictamen, el TPI declaró "No Ha Lugar" la solicitud de desestimación por violación a los términos de juicio rápido interpuesta por los Peticionarios.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

**I.**

Por hechos acontecidos el 9 de diciembre de 2023, el Ministerio Público presentó varias denuncias en contra de los Peticionarios por alegadamente cometer el delito de tentativa de asesinato en primer grado e infringir el Artículo 108 del Código Penal de Puerto Rico, así como el Artículo 6.14 de la Ley Núm. 168-2019, según enmendada, conocida como la "Ley de Armas de Puerto Rico de 2020" (en adelante, "Ley de Armas"). 33 LPRA sec. 5048, 5142 y 5161; 25 LPRA sec. 466m. Sumado a esto, al señor Rivera González se le imputó haber infringido el Artículo 197 del Código Penal de Puerto y el Artículo 6.05 de la Ley de Armas, *supra*, que tipifican los delitos de entrada en heredad ajena y portación, transportación o uso de armas de fuego sin licencia, respectivamente. 33 LPRA sec. 5267 y 25 LPRA sec. 466d.

En síntesis, a los Peticionarios se les atribuyó la realización de actos inequívocamente dirigidos a ocasionarle la muerte al Sr. Israel F. Del Castillo Roig (en adelante, el "señor Del Castillo Roig"). Tras la determinación de causa probable para el arresto de los Peticionarios por los delitos previamente mencionados, el 15 de febrero de 2024 se llevó a cabo la vista preliminar. Allí, el foro primario concluyó que existía causa probable para acusar a los señores Rivera González y Mercado Figueroa. Así las cosas, el 29 de febrero de 2024 el Ministerio Público presentó los correspondientes pliegos acusatorios. En específico, la acusación del caso núm. E BD2024G0032 lee como sigue:

> El referido acusado FREDDYCK O. RIVERA GONZÁLEZ actuando en concierto y común acuerdo con ISMAEL MERCADO FIGUEROA, allá en o para el día 9 de diciembre de 2023, Bo. Buena Vista, Calle Sotero León en Cayey; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Caguas, a propósito, y con conocimiento entró en una heredad ajena, sin autorización de la Sra. Miriam Rosario Cosme, dueña de la misma, consistente en que brincó

la verja de la residencia con la intención de cometer el delito de Tentativa de asesinato.

Por su parte, la acusación del caso núm. E LA2024G0041 indicaba lo siguiente:

El referido acusado FREDDYCK O. RIVERA GONZÁLEZ actuando en concierto y común acuerdo con ISMAEL MERCADO FIGUEROA, allá en o para el día 9 de diciembre de 2023, Bo. Buena Vista, Calle Sotero León en Cayey; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Caguas, a propósito, y con conocimiento, transportó y/o portó un arma de fuego Pistola, sin tener una licencia de armas vigente bajo la Ley, la misma fue utilizada en la comisión del delito Tentativa de Asesinato.

En cuanto al caso núm. E LA2024G0042 la acusación dispone lo siguiente:

El referido acusado FREDDYCK O. RIVERA GONZÁLEZ actuando en concierto y común acuerdo con ISMAEL MERCADO FIGUEROA, allá en o para el día 9 de diciembre de 2023, Bo. Buena Vista, Calle Sotero León en Cayey; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Caguas, a propósito, y con conocimiento, apuntó y disparó con un arma de fuego, Pistola, al Sr. Israel F Del Castillo Roig, no causándole daño.

Por último, la acusación del caso E VI2024G0007 lee así:

El referido acusado FREDDYCK O. RIVERA GONZÁLEZ actuando en concierto y común acuerdo con ISMAEL MERCADO FIGUEROA, allá en o para el día 9 de diciembre de 2023, Bo. Buena Vista, Calle Sotero León en Cayey; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Caguas, a propósito, y con conocimiento, realizó actos inequívocamente dirigidos a ocasionar la muerte del ser humano Sr. Israel F Del Castillo Roig. Consistente en que el imputado luego de agredir con las manos al perjudicado, utili[z]ando un arma de fuego le apuntó y disparó, y sin que se consumara el delito pretendido por circunstancias ajenas a la voluntad del acusado.

Luego de varios trámites procesales, el 23 de abril de 2024, el señor Rivera González presentó una moción intitulada "**Solicitud de Desestimación Regla 64 (P): de Procedimiento Criminal Fundamentado en Ausencia Total de Prueba para Acusar**" (en adelante, "Solicitud de Desestimación Regla 64 (P)") mediante la cual sostuvo que procedía la desestimación del cargo por violación al Artículo 6.05 de la Ley de Armas, *supra*, puesto que la determinación de causa para acusar se realizó: (1) sin un testigo que tenga propio y personal conocimiento de los hechos y (2) sin que el tribunal de instancia conozca en una denuncia todos los elementos

del delito que el Ministerio Público pretende probar. Asimismo, expresó que en la vista preliminar el Ministerio Público no presentó evidencia sobre la ausencia e inexistencia de una licencia de armas de fuego. Acentuó que, uno de los elementos del delito de portación, transportación o uso de armas de fuego sin licencia, es precisamente que la persona no ostente dicha licencia. Basado en lo anterior, argumentó que el TPI emitió una determinación sobre el referido delito basado en una ausencia total de prueba. Así pues, le solicitó al foro primario la desestimación de la acusación relacionada al Artículo 6.05 de la Ley de Armas, *supra*.

Ese mismo día, el señor Rivera González presentó una "**Solicitud de Desestimación Regla 64(A): De Procedimiento Criminal Fundamentado en que la Acusación y Denuncia No Imputa Delito**", a través de la cual solicitó la desestimación de la acusación relacionada al delito de asesinato en primer grado, bajo el fundamento de que la misma no imputaba delito ya que omitía los elementos esenciales que dispone el Código Penal. En detalle, alegó que en la aludida acusación el Ministerio Público no le informó cuáles eran las circunstancias ajenas a su voluntad que le impidieron consumar el delito.

Más adelante, con fecha del 7 de mayo de 2024, el Ministerio Público presentó su "**Oposición a Solicitud de Desestimación Al Amparo de la Regla 64(P) de las de Procedimiento Criminal**" mediante la cual expuso que una solicitud de desestimación al amparo de la Regla 64(p) Reglas de Procedimiento Criminal, *infra*, debe instarse por escrito al realizar una alegación de no culpable o antes de hacer la misma. Expresó que el efecto de no presentar dicha moción en ese momento implica la renuncia a esa defensa en etapas posteriores. Además, señaló que el remedio disponible que tenía el señor Rivera González para revisar la determinación de existencia de causa probable carente de prueba suficiente para establecer la comisión del delito lo es la pronta ventilación del juicio.

Posteriormente, el 20 de mayo de 2024 y notificada al día siguiente, el TPI emitió una *Resolución* mediante la cual desestimó el caso núm. E LA2024G0041 bajo el argumento de que en la vista preliminar no se

presentó prueba alguna que demostrara que el señor Rivera González carecía de una licencia de armas de fuego. Insatisfecho con esta decisión, el 23 de mayo de 2024 el Ministerio Público presentó una "**Moción en Reconsideración a la Resolución Emitida el 20 de mayo de 2024 Declarando Ha Lugar Desestimación Del Caso Núm. ELA2024G0041-ART. 6.05 Grave-Ley 168-2019**" (en adelante, "Moción de Reconsideración"), a través de la cual hizo referencia al caso <u>Pueblo v. Nieves Caban</u>, 201 DPR 853 (2019), en el cual el Tribunal Supremo validó cierta acusación del Ministerio Publico, a pesar de que, en la vista preliminar no se presentó evidencia sobre la falta de licencia de armas, ya que aplicó la presunción de portación ilegal de armas. A tenor con lo anterior, le solicitó al TPI que dejara sin efecto la determinación en la cual desestimó el cargo sobre portación de armas sin licencia.

Así las cosas, y sin que se hubiese resuelto la *Moción de Reconsideración*, el 25 de junio de 2024 el Ministerio Público presentó una "**Moción de Pr[o]videncia y/o en la Alternativa Solicitud de Vista Preliminar en Alzada**" (en adelante, "Moción de Providencia") a través de la cual solicitó que, en el caso de que el foro primario sostenga su determinación sobre la desestimación del cargo criminal referente al Artículo 6.05 de la Ley de Armas, *supra*, se disponga de una vista preliminar en alzada. Más adelante, el 15 de julio de 2024, el foro recurrido declaró "No Ha Lugar" a la aludida *Moción de Reconsideración.* Al día siguiente, el Ministerio Público presentó "**Moción de Vista Preliminar en Alzada**" mediante la cual solicitó nuevamente la celebración de una vista preliminar en alzada por el cargo relacionado por violación Artículo 6.05 de la Ley de Armas, *supra.* Ese mismo día, el Tribunal refirió el asunto a Secretaría para el señalamiento de una vista preliminar en alzada sobre el caso E LA2024G0041.

Entretanto, el juicio por el restante de los cargos imputados a los Peticionarios quedó señalado para el 17 de julio de 2024. Allí, la defensa de ambos acusados solicitó la desestimación de los cargos por haberse excedido los términos de juicio rápido, según lo dispone la Regla 64 (n) de

Procedimiento Criminal, *infra*. Tras la celebración de la vista para dilucidar los méritos de la solicitud de desestimación interpuesta por los Peticionarios, el 24 de julio de 2024 el TPI emitió *Resolución* en la que declaró "No Ha Lugar" dicha petición. Entendió el foro *a quo* que la petición de vista preliminar en alzada se presentó dentro del plazo correspondiente, los Peticionarios se encontraban en libertad bajo fianza y al entender que no se les ocasionó un daño significativo. Asimismo, resolvió que el término para recurrir en alzada comenzó a decursar el 15 de julio de 2024, fecha en que se declaró "No Ha Lugar" la *Moción de Reconsideración* presentada por el Ministerio Publico. Recordó el foro de instancia que fueron los Peticionarios quienes solicitaron la desestimación el 7 de julio de 2024 y no fue hasta el 15 de julio del mismo año que se resolvió la misma. Asimismo, determinó que debido al hecho de que los casos estuvieron consolidados desde su radicación, el término para juicio rápido del restante de los cargos estaba supeditado a la celebración de la vista preliminar en alzada.

Aún inconforme con lo anteriormente resuelto, los Peticionarios acudieron ante este Tribunal mediante el recurso de epígrafe, en el que señalaron el siguiente error:

> *Err[ó] el Honorable Tribunal Superior de Caguas al no desestimar las Acusaciones, una vez transcurrido 140-Dias Sin Justa Causa. Pues toda vez que no existiendo Justa Causa para todas las dilaciones y suspensiones atribuibles al Estado. Utilizar una doctrina jurídica distinta para subsanar la incuria del Ministerio Público e interrumpir los términos expirados de Juicio Rápido; constituiría un subterfugio para violar el Debido Proceso de Ley Constitucional por virtud de la Regla 64(N)(4)*

El 3 de septiembre de 2024, el Ministerio Público presentó una "**Solicitud de Desestimación**". Mediante la misma, argumentó que procedía que desestimáramos el recurso de epígrafe, por incumplimiento con las pautas reglamentarias conducentes al perfeccionamiento de los recursos a ante este Tribunal.

Al amparo de las disposiciones de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, prescindimos de la comparecencia del Procurador General para presentar su escrito en oposición al recurso.

## II.

## A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711. Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v. Gómez Alayon, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es,

para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

En nuestro ordenamiento jurídico es harto conocido que toda persona acusada de delito gozará del derecho a un juicio rápido. Así surge del Artículo II, Sección 11 de la Constitución de Puerto Rico, que reza como sigue:

> En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma, a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Const. PR, Art. II, Sec. 11, 1 LPRA.

La aludida prerrogativa es una variable y flexible que responde a un propósito dual: preservar el orden público, al tiempo que protege la libertad individual. Pueblo v. Custodio Colón, 192 DPR 567, 580 (2015). Así, la garantía del derecho a un juicio rápido busca salvaguardar los derechos del acusado al evitar su detención indebida y prolongada antes del juicio, minimizar la ansiedad y preocupación que genera una acusación pública y al reducir las posibilidades de que una demora prolongada afecte su habilidad para defenderse. Pueblo v. García Vega, 186 DPR 592, 606 (2012). A su vez, no descarta la protección de los derechos de la justicia pública, ya que busca que se enjuicie con prontitud a los que infringen la ley y pretende evitar retrasos en la administración estatal para enjuiciar cualquier conducta criminal. Íd., pág. 607. Este derecho abarca desde la

imputación inicial del delito hasta el juicio en su fondo. Pueblo v. Martínez Hernández, *supra*, pág. 882.

Con miras de viabilizar esta norma constitucional, la Regla 64 de Procedimiento Criminal regula el alcance y aplicación del derecho a un juicio rápido. 34 LPRA Ap. II, R. 64. En lo concerniente a la controversia ante nos, el inciso (n) (8) de la precitada Regla dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> […]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> […]
>
> (4) Que el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.
>
> […]
>
> (8) Que se celebró una vista preliminar en alzada luego de 60 días de la determinación de no causa en vista preliminar […] causa en vista preliminar. 34 LPRA Ap. II, R. 64 (n) (4) y (8).

La violación a los términos de juicio rápido acarrea la desestimación de los cargos y, por consiguiente, la culminación de la acción penal. Pueblo v. Martínez Hernández, *supra*, pág. 883. Ahora bien, el simple incumplimiento del plazo por sí solo no necesariamente constituye una infracción al derecho de juicio rápido. Pueblo v. Valdés *et al.*, 155 DPR 781, 793 (2001). Es decir, estos términos no son fatales y pueden extenderse por justa causa, por demora atribuible al acusado o cuando el imputado o acusado consiente a ello. Pueblo v. Carrión, 159 DPR 633, 641 (2003). Esto está anclado a la norma establecida sobre que los derechos tanto del acusado como de la sociedad interesada en enjuiciarlo no están limitados por la estricta aritmética de la Regla. Pueblo v. Rivera Colón, 119 DPR 315, 322 (1987). Esto se debe a que, a pesar de que el derecho a juicio rápido es fundamental, no es absoluto. Pueblo v. García Vega, *supra*, pág. 610.

Cónsono con ello, para determinar si ha ocurrido una violación al derecho de juicio rápido, se deben examinar los siguientes criterios: (1)

duración de la tardanza, (2) razones para la dilación, (3) si el acusado reclamó o invocó oportunamente ese derecho, (4) el perjuicio resultante de la tardanza, (5) si la demora fue provocada por el acusado y (6) si el Ministerio Público demostró la existencia de justa causa para la demora. Pueblo v. Custodio Colón, *supra,* pág. 583; 34 LPRA Ap. II, R. 64. El perjuicio que el acusado reclame debido a una violación de su derecho a un juicio rápido no puede ser abstracto, ni basarse únicamente en un cálculo matemático. Pueblo v. Custodio Colón, *supra*, pág. 583-584. Esto es, el daño debe ser uno real y sustancial. Pueblo v. Valdés *et al.*, *supra*, pág. 792.

Cuando el acusado presenta de manera oportuna una reclamación por violación a los términos de juicio rápido, le corresponde al Ministerio Público demostrar la existencia de justa causa para la tardanza. Pueblo v. Santa-Cruz, 149 DPR 223, 239 (1999). También puede proveer evidencia de que el acusado fue el causante de la demora o que ha renunciado a su derecho de forma expresa y voluntaria y efectuada con pleno conocimiento de causa. Íd. El motivo de la demora debe estar enmarcado dentro de los parámetros de razonabilidad. Pueblo v. Rivera Colón, *supra.* pág. 323. A tenor con lo anterior, una dilación mínima de los términos de juicio rápido no necesariamente conlleva la desestimación de la denuncia o acusación, puesto que este remedio extremo debe llevarse a cabo luego de un análisis ponderado de los criterios previamente esbozados. Pueblo v. Valdés *et al.*, *supra*, pág. 793.

**III.**

Surge del expediente ante nuestra consideración que el 15 de febrero de 2024, se celebró la vista preliminar en la que se halló causa probable para acusar a los Peticionarios en todos los cargos. Cuatro días después se radicaron los correspondientes pliegos acusatorios.

Así las cosas, el 24 de abril de 2024 el señor Rivera González solicitó la desestimación del cargo por violación al Artículo 6.05 de la Ley de Armas, *supra*, a la luz de las disposiciones de la Regla 64 (p) de Procedimiento Criminal, *supra*. El 20 de mayo de 2024, el Tribunal desestimó el caso núm. E LA2024G0041 bajo el fundamento de que en la vista preliminar no se

presentó evidencia que demostrara que el señor Rivera González no poseía una licencia de armas de fuego. Tres días después, el Ministerio Publico presentó una *Moción de Reconsideración* sobre dicha determinación. Sin haber sido resuelta esta solicitud, el 25 de junio de 2024 el Ministerio Público presentó otra *moción* en la cual solicitó que se resolviera su solicitud de reconsideración o, en la alternativa, se celebrara una vista preliminar en alzada. Así las cosas, el 15 de julio de 2024 el foro primario declaró "No Ha Lugar" la *Moción de Reconsideración* presentada por el Ministerio Público.

El juicio correspondiente al restante de los cargos consolidados quedó señalado el último día de los términos, es decir, el 17 de julio de 2024. En dicha vista, la representación legal de los Peticionarios solicitó la desestimación de dichos cargos bajo la Regla 64 (n) de Procedimiento Criminal, *supra*. El 24 de julio de 2024, y luego de la celebrada la correspondiente vista, el foro primario emitió *una Resolución* a través de la cual determinó que el plazo para acudir a una vista preliminar en alzada comenzó a contarse desde la notificación de la determinación sobre los méritos de la *Moción de Reconsideración* interpuesta por el Ministerio Público, es decir, el 15 de julio de 2024, por lo que rechazó la solicitud de desestimación amparada en el derecho a un juicio rápido. Asimismo, determinó que debido al hecho de que los casos estuvieron consolidados desde su radicación, el término para juicio rápido del restante de los cargos estaba supeditado a la celebración de la vista preliminar en alzada.

Tras examinar los documentos que obran en el legajo apelativo, no encontramos base que respalde la expedición del presente recurso discrecional. Evaluados los hechos particulares de este caso, resolvemos que el TPI no abusó de su discreción al determinar que no se violó el derecho constitucional de los Peticionarios a un juicio rápido.

No podemos perder de vista que la representación legal de la defensa solicitó la desestimación del cargo imputado por violación al Artículo 6.05 de la Ley de Armas, *supra*, al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra*. Dicha solicitud provocó que posteriormente el Ministerio Público radicara la *Moción de Reconsideración* que fue denegada mediante

una determinación notificada el 15 de julio de 2024. Esto provocó que el plazo para presentar la solicitud de vista preliminar en alzada comenzara a transcurrir a partir de esa fecha. Esto, a su vez, provocó que el término para juicio rápido del restante de los cargos consolidados estuviera supeditado a la celebración de la vista preliminar en alzada.

Por consiguiente, no hallamos cómo el TPI se alejó de los parámetros discrecionales al denegar la solicitud de desestimación por violación a la Regla 64 (n) de Procedimiento Criminal, *supra*. No surge del expediente cómo dicha dilación ha ocasionado un perjuicio para los Peticionarios, ni se nos ha puesto en posición de interpretar cómo sostener la determinación impugnada representa una violación a los derechos constitucionales de los Peticionarios. Además, fue el señor Rivera González quien solicitó la desestimación que dio paso a la extensión de los términos para tanto la celebración del juicio de los cargos consolidados como de la vista preliminar en alzada sobre el cargo por violación al Artículo 6.05 de la Ley de Armas, *supra*.

En vista de lo anterior, somos de la opinión de que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del TPI por el nuestro.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones